## GILBERT *v.* FAY.

---

PLEADING AND PRACTICE; OBJECTIONS TO EVIDENCE; QUANTUM MERUIT.

1. Where an objection to evidence is general and is overruled and the evidence received, the ruling will not be held erroneous, unless there be some grounds which could not have been obviated if they had been specified, or unless the evidence is essentially incompetent.

2. In the trial of an action by an attorney for the recovery of a balance alleged to be due upon an express contract for the payment of a fee contingent upon recovery, in order to support the common counts which were contained in the declaration the plaintiff was asked to state and did state, over objection, what would be the usual and customary fee for services in such a case, taking into consideration the fact that the fee was contingent upon recovery : *Held,* that the question and answer were inadmissible, the plaintiff's right to recover on a *quantum meruit* being limited to the actual value of his services without regard to any contingency whatever.

No. 306. Submitted June 8, 1894. Decided June 15, 1894.

HEARING on a bill of exceptions by the defendant, in an action of *assumpsit. Judgment reversed.*

The CASE is stated in the opinion.

*Mr. S. T. Thomas* and *Mr. A. S. Worthington* for the plaintiff in error, *Mr. Charles S. Frailey* being with them on the brief.

*Mr. Robert Christy* and *Mr. W. C. Prentiss* for the defendant in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellee, John C. Fay, an attorney, sued Henry P.

Gilbert to recover a balance due for legal services alleged to have been rendered defendant in a suit in the Court of Claims, prosecuted by him as assignee of one Dennis Nally, against the District of Columbia. The declaration alleged that plaintiff was retained to appear in said cause, then depending, and render such legal services as might be necessary, for which defendant agreed to give him a sum equal to twenty per centum of such judgment as might be recovered and collected. It was further alleged that plaintiff performed the necessary services, and that a judgment for about $8,000 was rendered in favor of Gilbert and paid over to him; and that plaintiff's twenty per centum thereof amounted to $1,619.41, of which $700 have been paid. There were the usual common counts, for work and labor done at request of defendant, for money received by defendant for use of plaintiff, etc. Judgment was rendered for plaintiff for $919.41, from which defendant has prosecuted this appeal.

The first error assigned is to a ruling of the court upon the admission of certain evidence. The plaintiff, having offered himself as a witness, and testified to the contract for the contingent fee of twenty per centum, was asked the following question on his own behalf: "Considering the condition of the case, its value and all the facts, and the fact that the fee was to be paid out of the amount recovered and not otherwise—no absolute fee—what would be the usual customary fee charged for services of this kind in the Court of Claims?" The answer was: "Well, I thought twenty per cent. was below the usual and customary charge." The question and answer were objected to by the defendant, but the bill of exceptions contains no specifications of the grounds thereof.

To the first special ground, now stated for the first time, the answer must be that it comes too late, and it will not be considered upon its merits, if, indeed, it have any, because this objection, if made at the time, might readily

have been obviated. *Washington Gas Light Co.* v. *Poor* 3 App. D. C. 127. It was said in that case, however, quoting from the Court of Appeals of New York, that, "Where the objection to evidence is general and it is overruled and the evidence received, the ruling will not be held erroneous unless there be some grounds which could not have been obviated had they been specified, or unless the evidence in its essential nature be incompetent." The same doctrine is substantially asserted in *Noonan* v. *Mining Co.*, 121 U. S. 393, a case not then called to our attention. Bearing the rule in mind with its exception, it remains to consider whether this evidence was "in its essential nature incompetent." We think it was, and hence the fundamental error of its admission, which was emphasized in the charge, as we shall see later, can be considered under the general objection.

In this consideration, it must be borne in mind that the special count of the declaration alleged a contract, duly made, for a contingent fee of twenty per cent. This contract was testified to by the plaintiff as alleged. In support of the *quantum meruit* count, the foregoing evidence was offered and none other.

Under the pleading the only grounds of recovery were, first, the express contract for twenty per centum, contingent upon recovery; and, second, the *quantum meruit*. If the jury should believe that there was no contract at all, as defendant testified, but that plaintiff performed certain valuable services in the cause in aid of the counsel of record for defendant, with his knowledge and approval, then plaintiff's right to recover was limited to the actual value of his services without regard to any contingency whatever. The testimony was not in support of this view, but was offered and admitted upon the idea that there was an actual contract for plaintiff's services, by which he was to receive nothing if no recovery should be had; but in event of success he was

to be paid their reasonable value enhanced by the consideration of this contingency.

Fay could have contracted with Gilbert for a certain fee to be paid out of, and in event of, recovery solely; or he could have agreed with him that he should be paid the reasonable value of such services as he might render, according to the custom and usage of the business, under the same conditions; or without such contract, but by request, or with the knowledge and acquiescence of defendant, he might have performed services in his cause, in which event he would be entitled to recover their actual value, uncontrolled and unmeasured by the consideration whether there had or had not been a recovery.

As we have seen, the plaintiff's right to recover in this action at all depended upon his proving a case of the first or of the third kind above indicated, and yet this proof tended to establish a case of the second kind without any support in the pleading. The charge of the court as regards this point, and to which we have referred, is as follows:

" You have to weigh this testimony, and weigh all the circumstances of the case, and if you think there was no special contract as to the amount of the compensation, still the plaintiff would be entitled to recover such compensation as would be reasonable under all the circumstances, less what he was paid if that was not enough; and in this connection it is proper for you to consider that the compensation was altogether contingent, and consider the evidence as to what was usual in the practice of that court where, I believe, the compensation generally is contingent. I do not think it is general for lawyers there to get retainers paid in hand. They are obliged to wait for their fees until the end of the litigation. It is proper to consider all that, and what would be a fair compensation for the plaintiff under all the circumstances of the case; and if you find that he was paid all that he really deserved, your verdict should be for the defendant. If you believe that his compensation should be,

even in the absence of any contract, as a fair compensation, twenty per cent. of the award, then you may give him the verdict for that less the amount already received."

The plaintiff, as we have before mentioned, testified to an express contract for twenty per cent. of the recovery, contingent thereon, whilst the defendant denied any contract whatever, but admitted that he consented to accept the services with the understanding that if worth anything he would pay for them. The admission of the evidence of plaintiff as to the supposed value of his services having been erroneous, it was not necessary to except to the charge of the court, and it has been referred to only to show how material the question really was.

Another point has been made on the hearing which was not raised by the defendant in the trial below, either by plea or prayer for instruction. It is that the plaintiff's alleged contract ought not to be enforced, because he had, some years before it was made, appeared to some extent in the defense of the case in question as an assistant attorney of the United States in the employ of the Department of Justice before the Court of Claims. The evidence in the record is not sufficient to warrant us in acting upon the suggestion, without doing possible injustice to the plaintiff, whose own evidence concerning it might have been presented with more detail and satisfactory explanation in the bill of exceptions had the point been suggested on the trial below. As the case will be remanded for new trial, both parties will have ample opportunity to be heard on this issue if, indeed, there really be anything in it.

*For the error pointed out above, the judgment will be reversed, with costs to the appellant, and the cause remanded for further proceedings; and it is so ordered.*